UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60991-Civ-COHN/Seltzer

PAMELA RIDDELL,

    Plaintiff,

v.

NEW CENTURY MORTGAGE CORPORATION,
COUNTRYWIDE HOME LOANS, INC. and
BANK OF AMERICA,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Defendants Countrywide Home Loans and Bank of America's Motion to Dismiss Plaintiff's Complaint [DE 13], Plaintiff's Response in Opposition [DE 22], and Defendants' Reply [DE 24]. The Court has carefully considered the filings in this case, and is otherwise fully advised in the premises.[1] This motion became ripe on November 2, 2010.

### I.  BACKGROUND

Plaintiff Pamela Riddell ("Plaintiff") filed an ten (10) count complaint alleging various violations of state and federal law regarding her mortgage loan, including the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiff alleges that her loan closed on December 12,

---

[1] Defendant New Century filed a letter which the Court construes as a Suggestion of Bankruptcy [DE 15].

2003.  The very next day, Plaintiff sent a letter to New Century Mortgage requesting rescission of her loan because the terms of the mortgage were not the same as Defendant New Century had represented would be the terms, including a higher interest rate, a fixed rate instead of an adjustable rate, and the addition of a pre-payment penalty provision.  Plaintiff alleges that she repeatedly requested documentation from New Century, and later Countrywide (to whom New Century sold her loan), regarding the proper terms of her mortgage.[2]  Plaintiff eventually filed this action on June 10, 2010, nearly six and one-half years after the closing date of her loan.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule

---

[2]  Plaintiff attached exhibits to her Response in Opposition to Defendant's Motion to Dismiss.  The Court may consider these documents in consideration of Plaintiff's argument that equitable tolling preserved her claims.  See section II.B infra.

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Statutes of Limitations and Equitable Tolling

Defendant argues that all of Plaintiff's claims are barred by the applicable statute of limitations and that there is no private right of action under RESPA, 12 U.S.C. § 2604(c).  There is no dispute that the applicable periods of limitations are as follows:

| Claim | Period |
|---|---|
| RESPA claim: | 1 year |
| TILA claims: | 1 year |
| ECOA | 2 years |
| FDUTPA | 4 years |
| Fraud claims | 4 years |
| Intentional interference w/contract: | 5 years |
| Rescission: | 4 years |

In opposition to Defendant's motion, Plaintiff alleges that the Court should liberally construe her Complaint to apply the doctrine of equitable tolling.  Although the

Plaintiff's claim was filed outside the statutory period, it is within the Court's discretion to consider the application of equitable tolling.  "The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly."  Leonard v. Rumsfeld, 146 F. Supp. 2d 1227, 1237 (quoting Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993)).  Equitable tolling does not extend to a plaintiff's lack of due diligence or to excusable neglect.  Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999).

In their reply, Defendants argue that Plaintiff has failed to meet her burden to show equitable tolling.  Defendants further contend that the exhibits Plaintiff attached to her response in fact show that Plaintiff knew shortly after the closing about the factual issues and substance of her claims – i.e. that Defendants allegedly failed to provide her the correct terms at closing.  Plaintiff's assertion that Defendants' failure to respond to her requests for documents give rise to equitable tolling fails because Plaintiff already knew of her claims.  The documents to support her claims are items she could have obtained through discovery had she filed her lawsuit within the applicable statute of limitations.

The Court concludes that Plaintiff has failed to meet her burden to show that equitable tolling should apply in this case.

### C.  Private Right of Action under RESPA

Turning next to the issue of the RESPA claim, the United States Court of Appeals for the Eleventh Circuit has held that there is no private right of action to sue for violations of 12 U.S.C. § 2604(c) (lender's requirement to provide a good faith

estimate of the amount or range of charges for specific settlement services).  Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir.), *cert. den*. 521 U.S. 1127 (1997).  In Count I of the Complaint, Plaintiff references "12 USC section 2601 *et seq*." (¶ 50) and specifically references "12 USC section 2604(c)" in ¶¶ 51-53 regarding deficiencies with the good faith estimate.  No other subsections of RESPA are mentioned.

In opposition to Defendant's argument that there is no private right of action under § 2604(c), Plaintiff asks the Court to liberally construe her pro se complaint. While she concedes that there is no private right of action under § 2604(c), she asserts that Plaintiff's claims are also made under "12 USC section 2601, 2603 and 2605," although these sections are not specifically mentioned in the Complaint.  There is a private right of action under § 2605(f), but the statute of limitations for all RESPA claims is one year.  Velardo v. Fremont Inv. & Loan, 1008 WL 1897569, *1 (M.D. Fla. 2008), *aff'd*, 298 Fed. App'x. 890 (11th Cir. 2008).  Therefore, even if the Court were to liberally construe Plaintiff's complaint as bringing claims under other provisions of RESPA, the claims would still be barred by the statute of limitations.

### III. CONCLUSION

All of Plaintiff's claims are barred by the various statutes of limitations applicable to those claims, as the claims arose on December 12, 2003 at the closing of her loan.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants Countrywide Home Loans and Bank of America's Motion to Dismiss Plaintiff's Complaint [DE 13] is hereby **GRANTED**.  All claims in the Complaint are hereby **DISMISSED, with**

**prejudice**, as they are barred by the applicable statute of limitations.  The Clerk may close this case.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th of November, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF